**In the Matter of Ellen M. CORCELLA, Respondent.**

No. 49S00–1308–DI–561.

Supreme Court of Indiana.

Oct. 3, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM- STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Dis- cipline Rule 23(11), the Indiana Supreme

Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In June 2009, Respondent filed suit in federal court on behalf of a client against several defendants. Summary judgment was eventually entered in favor of the defendants in 2011. The parties' fee agreement called for a billing rate of $175 an hour. However, Respondent billed the client for more than 60 hours of work at $200 an hour, which was her usual hourly billing rate at the time. After the client filed a grievance, Respondent refunded the $1,580 overcharge to the client. The Commission has no reason to believe the overcharge was intentional.

In July 2009, Respondent and her client changed the fee agreement to provide for a contingent fee. In December 2009, they changed the fee agreement to provide for a blended hourly and contingent fee. One or both of the changes resulted in a fee agreement that was more advantageous to Respondent than the previous agreement. Respondent did not advise the client in writing of the desirability of seeking the advice of independent counsel before agreeing to the changes.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; and (3) Respondent is remorseful.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.5(a): Charging an unreasonable fee.

1.8(a): Entering into a business transaction with a client (modification of fee agreement) unless the client

is given written advice of the desirability of seeking the advice of independent counsel.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.